UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 7 |
| **MEYER PROPERTIES, LLC,** | § § | |
| Debtor. | § § | CASE NO. 23-42669 |
| **Bank of Franklin County** | § § | |
| Movant, | § § § | Hearing Date: September 11, 2023<br>Hearing Time: 10:00 a.m. |
| vs. | § § | Hearing Location: Courtroom 7 North<br>Objections Due: September 11, 2023 |
| Meyer Properties, LLC, | § § § | |
| Respondent. | § § § | |

**<u>MOTION OF BANK OF FRANKLIN COUNTY FOR RELIEF
FROM AUTOMATIC STAY AND AN ORDER COMPELLING
TRUSTEE TO ABANDON PROPERTY</u>**

COMES NOW Bank of Franklin County ("BOFC"), a financial institution chartered in the State of Missouri, by and through its undersigned counsel, under 11 U.S.C. § 362 and Federal Rules of Bankruptcy Procedure 4001(a) and 9014, states as follows in support of its Motion for Relief from Automatic Stay and an Order Compelling David A. Sosne, the Trustee ("Trustee") to Abandon Property ("Motion"). In support of this Motion, BOFC states as follows:

**<u>Jurisdiction and Venue</u>**

1. The Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and a contested matter under Federal Rules of Bankruptcy Procedure 4001 and 9014.

2. Venue of this proceeding in this District is proper under 28 U.S.C. §§ 1408 and 1409.

**Facts**

3. On July 31, 2023 (the "Petition Date"), Meyer Properties, LLC ("Meyer Properties") filed a chapter 7 Voluntary Petition for Non-Individuals Filing for Bankruptcy ("Petition"). (Dkt. 1.)

4. The Trustee was appointed on August 3, 2023.

5. Meyer Properties owns certain real property located at 1752 E. 5th St., Washington, Missouri 63090 (the "Property"). (*See id.*, at 9.)

6. The Property is commercial property that Meyer Properties uses for the purpose of generating rental income.

7. Meyer Properties executed two promissory notes in favor of BOFC. The first is identified as Promissory Note No. 10019434-105, dated November 7, 2019 executed by Meyer Properties in favor of BOFC in the original principal amount of $235,000.00 (as the same may have been amended, restated, extended, renewed, replaced, or otherwise modified from time to time) (the "105 Note"). The second is identified as Promissory Note No. 10019434-110, dated November 7, 2019, executed by Meyer Properties in favor of BOFC in the original principal amount of $35,000.00 (as the same may have been amended, restated, extended, renewed, replaced, or otherwise modified from time to time) (the "110 Note," and, together with the 105 Note, the "Notes").[1]

8. The obligations of Meyer Properties to BOFC under the 105 Note and other Loan Documents (as defined *infra*) are secured, in part, by those certain Guaranties dated October 31, 2019 (collectively, the "105 Guaranties") executed by Christy L. Meyer, Timothy D. Meyer, and

---

[1] The 105 Note and the 110 Note are attached hereto as Exhibit A and Exhibit B, respectively.

Lil' Dunkins Care-A-Lot, LLC (collectively, the "105 Guarantors"), under which the 105 Guarantors unconditionally guaranteed payment to BOFC of all amounts owing under the 105 Note. Likewise, the obligations of Meyers Properties to BOFC under the 110 Note and other Loan Documents (as defined below) are secured, in part, by those certain Guaranties dated October 31, 2019 (collectively, the "110 Guaranties") (together the 105 Guaranties and the 110 Guaranties are the "Guaranties") executed by Christy L. Meyer, Timothy D. Meyer, and Lil' Dunkins Care-A-Lot, LLC (collectively, the "110 Guarantors") (together, the 105 Guarantors and the 110 Guarantors are the "Guarantors"), under which the 110 Guarantors unconditionally guaranteed payment to BOFC of all amounts owing under the 110 Note.

9. Both Notes are further secured by an Assignment of Leases and Rents, dated July 6, 2017 (the "Assignment") executed by Meyer Properties in favor of BOFC, that certain Deed of Trust dated July 6, 2017 executed by Meyer Properties for the benefit of BOFC (the "Meyer Properties Deed of Trust")[2], that certain Deed of Trust dated July 6, 2017 executed by Christy L. Meyer and Timothy D. Meyer for the benefit of BOFC (together with the Meyer Properties Deed of Trust, the "Deeds of Trust"), that certain Security Agreement dated July 6, 2017 executed by Meyer Properties in favor of BOFC, and that certain Security Agreement dated July 6, 2017 executed by Lil' Dunkins Care-A-Lot, LLC in favor of BOFC (together with the Security Agreement executed by Meyer Properties, the "Security Agreements").[3]

10. Prior to the Petition Date Meyer Properties defaulted on its obligations owed to

---

[2] The Meyer Properties Deed of Trust is attached hereto as <u>Exhibit C</u>.

[3] The Notes, the Guaranties, the Assignment, the Deeds of Trust, and the Security Agreements, together with all documents executed or delivered in connection with them or as security for them, as the same may have been amended from time to time, are collectively referred to as the "Loan Documents."

3

BOFC by failing to make timely monthly payments of principal and interest when due under both Notes.

11.  Via letter dated April 5, 2023, BOFC notified Meyer Properties of its default under the Loan Documents and that BOFC was accelerating and declaring immediately due and payable the entire unpaid balance under all of the Loan Documents. In this letter, BOFC advised Meyer Properties that if BOFC did not receive payment in full immediately, BOFC would exercise its rights under the Loan Documents—including those under the Deeds of Trust.

12.  Relevant here, Section 17 of the Meyer Properties Deed of Trust entitled BOFC to foreclose on the Property based on Meyer Properties' default. (*See* Ex. C, § 17.)

13.  Accordingly, BOFC initiated non-judicial foreclosure proceedings under the Meyer Properties Deed of Trust. The Successor Trustee's Sale for the Property was originally set to be held on July 25, 2023. In accordance with Section 443.355 RSMo., BOFC continued the sale to July 31, 2023. On the morning of July 31, 2023, before BOFC could hold the sale, Meyer Properties filed its Petition.

14.  Meyer Properties is required to maintain insurance on the Property under the Meyer Properties Deed of Trust:

> 21. INSURANCE. Grantor agrees to keep the Property insured against the risks reasonably associated with the Property. Grantor will maintain this insurance in the amounts Lender requires. This insurance will last until the Property is released from this Security Instrument. What Lender requires pursuant to the preceding two sentences can change during the term of the Secured Debts. Grantor may choose the insurance company, subject to Lender's approval, which will not be unreasonably withheld.

(*See* Ex. C, § 21.)

15.  Currently, Meyer Properties is not currently maintaining adequate insurance on the Property as it is required to. (*See* Forced Place Policy, attached hereto as <u>Exhibit D</u>; Declaration of Linda Holtmeyer, attached hereto as <u>Exhibit E</u>.)

4

**Request for Relief**

16.	Cause exists to grant relief from stay because BOFC is inadequately protected due to Meyer Properties' failure to procure insurance for the Property and because Meyer Properties continues to default on its obligations under the Notes, just as it did prior to the Petition Date.

17.	Under § 362(d)(1) of the Bankruptcy Code, this Court is authorized to grant relief from the automatic stay "for cause." "Cause" for relief from the automatic stay "is a discretionary determination made on a case-by-case basis." *In re Carbaugh*, 278 B.R. 512, 525 (10th Cir. BAP 2002) (citing *Pursifull v. Eakin*, 814 F.2d 1501, 1506 (10th Cir. 1987)); *In re Blair*, 534 B.R. 787, 792 (Bankr. D.N.M. 2015).

18.	Relief from stay is appropriately granted where a debtor fails to insure property leaving its creditors inadequately protected. *See In re Iliamna Lakeshore Condo., LLC*, No. A10-0440-DMD, 2010 WL 7920614, at *1 (Bankr. D. Alaska July 9, 2010) ("[Creditor] also seeks relief from stay on the grounds that it is inadequately protected due to debtor's failure to obtain casualty insurance on the property.  11 U.S.C. § 362(d)(1) provides for relief from stay for cause 'including the lack of adequate protection of an interest in property.'  A debtor who does not have secured real estate adequately insured against fire and other potential loss is not entitled to the protection of the automatic stay . . . [Creditor] is entitled to relief from stay because its interest in the property is not adequately protected."); *In re Pond*, 43 B.R. 522, 524 (Bankr. D.N.D. 1984) ("A creditor's interest in real property is not being adequately protected where . . . the property is uninsured."); *In re Greives*, 81 B.R. 912, 970 (Bankr. N.D. Ind. 1987) ("The maintenance of insurance, of course, is extremely crucial so that the creditor may be properly protected from the various casualty risks attendant to property ownership and to insure that in the event that collateral is damaged or destroyed, the creditor is not left with a mere unsecured claim.").

5

19. The Meyer Properties Deed of Trust requires Meyer Properties to keep the Property insured. (*See* Ex. C, § 21.)

20. As of the date hereof, Meyer Properties not currently maintaining adequate insurance on the Property. (*See* Exs. D, E.)

21. Moreover, the Property is not necessary for any reorganization of Meyer Properties given this is a chapter 7 liquidation.

22. Because of the above, BOFC's security interest in the Property is inadequately protected and is at significant risk of being impaired.

23. Therefore, BOFC is seeking an order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a), with a waiver of the stay under Rule 4001(a)(3).

**Request for an Order Compelling Trustee to Abandon the Property**

24. In conjunction with its request for relief from stay, BOFC respectfully requests that this Court compel the Trustee to abandon the Property.

25. Under Section 554 of the Bankruptcy Code, an interested party may move for an order compelling the trustee to abandon property. *See, e.g., In re Gantt*, 98 B.R. 770, 771-72 (Bankr. S.D. Ohio 1989) (explaining that Section 554 "permits an interested party to seek a court order to compel the trustee to abandon property"). "When a party in interest desires such an order, the Bankruptcy Rules provide that the proper procedure is to file and serve a motion requiring the trustee or debtor in possession to abandon property of the estate." *Id*. (citing Bankr. R. 6007(b)) (alteration omitted).

26. Under 11 U.S.C. § 554(b), "the court may order the trustee to abandon any property of the state that is burdensome to the estate or that is of inconsequential value and benefit to the estate." To order abandonment, the court "must find either: 1) the property is burdensome to the

6

state; or, 2) the property is both of inconsequential value and inconsequential benefit to the estate." *In re K.C. Mach. & Tool Co.*, 816 F.2d 238, 245 (6th Cir. 1987) (alterations omitted). "Property is burdensome to an estate if the expected cost of administering the asset would exceed the expected benefit." *In re EuroGas, Inc.*, 755 Fed. App'x 825 831 (10th Cir. 2019). Relevant here, "[t]he cost of administering an asset might exceed the benefit when the asset is encumbered with liens in excess of its value." *Id*. In assessing whether the asset is burdensome, the court must consider the "asset's value, encumbrances, and options (or lack thereof) for liquidation." *Id*. "If, overall, abandoning the asset will bring about a better result for creditors than administering it, the asset may be abandoned." *Id*.

27. "For Chapter 7 trustees, where property is of inconsequential or no value to the state, abandonment under § 554, rather than a sale under § 363, is the proper course." *In re Sanger*, No. 1:22-bk-01785-HWV, 2023 WL 4921192, at *4 (Bankr. M.D. Pa. Aug. 1, 2023) (internal quotations and citation omitted). "Indeed the Chapter 7 trustee is specifically instructed by the United States Trustee to sell only those secured assets that will generate funds for the benefit of unsecured creditors." *Id*. (citing U.S. Department of Justice Executive Office for United States Trustees, Handbook for Chapter 7 Trustees, at 8-20 (2002)).

28. As of the date hereof, the combined outstanding principal balance on the Notes is $244,589.48. As of an appraisal conducted in May 2017, the estimated value of the Property in "as-is" condition was $120,000.00. (*See* Appraisal Report, attached hereto as <u>Exhibit F</u>.). Debtor claims a value of $400,000.00 on its schedules. BOFC submits that such value is inflated and not based on actual condition and status of the building, and that the actual value of the building is less than the amount owed to BOFC.

29. Thus, "abandoning the asset will bring about a better result for creditors than

7

administering it" and thus, the Trustee should be compelled to abandon the Property.

30. Even if the value of the Property is determined to exceed the total liens against the Property, cause to abandon the Property remains. This case is overwhelmingly a two-party dispute between the Debtor and BOFC. Debtor's schedules show only a single unsecured creditor, allegedly owed $1,219.

31. Under these circumstances, administration of an estate with the associated expenses for the potential return of $1,219 to a single creditor would be unduly burdensome and an unnecessary waste of resources for all parties. The value of administration to the lone unsecured creditor is inconsequential. If there is indeed excess value to the Property, such value will be realized following BOFC's exercise of its state law rights (including foreclosure) such that Debtor would be able to pay such creditor. On the other hand, opening and administering an estate, including the sale of the Property by the Trustee, would impose excessive costs on all parties and unnecessarily burden the Property and the Debtor with such costs and delay.

WHEREFORE, BOFC respectfully requests that this Court enter its Order lifting the automatic stay to allow BOFC to exercise all of its rights and remedies with respect to the Property and issue an Order compelling the Trustee to abandon the Property.

                                                  **LEWIS RICE LLC**

                                                  /s/ John J. Hall
                                        John J. Hall, #41419MO
                                        600 Washington Avenue, Suite 2500
                                        St. Louis, Missouri  63101
                                        (314) 444-7635
                                        (314) 612-7635(Fax)
                                        E-Mail: jhall@lewisrice.com

                                        *Attorneys for Bank of Franklin County*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on this 30th day of August 2023, a copy of the above and foregoing was electrically filed with the United States Bankruptcy Court, Eastern District of Missouri, pursuant to the Case Management/Electronic Case Filing system of the Court, and electronic notice of such filing was served by the Office of the Clerk upon parties in interest registered in such Case Management/Electronic Case Filing system with respect to this case.  In addition, the undersigned has served a copy of the foregoing via U.S. mail on the parties listed below:

Bank of Franklin County
900 E. 8th Street
Washington, MO 63090

Christy Meyer
304 E. Lane Drive
Washington, MO 63090

Timothy Meyer
304 E. Lane Drive
Washington, MO 63090

Timothy Meyer
1708 Madison Avenue
Washington, MO 63090

Will H. Ridings
2510 S. Brentwood, Blvd., Ste. 205
St. Louis, MO 63144

*Attorney for Debtor*

Level 9
2132 Hwy A
Washington, MO 63090

Office of U.S. Trustee
111 S. Tenth Street, Suite 6.353
St. Louis, MO 63102-1127

David A. Sosne
903 S. Lindbergh Blvd., Suite 200
St. Louis, MO 63131

Meyer Properties, LLC
304 E. Lane Drive
Washington, MO 63090

                                        /s/ John J. Hall